### RUSSIA CEMENT CO. v. FRAUENHAR et al.

(Circuit Court, S. D. New York. December 2, 1903.)

1. TRADE-MARKS AND TRADE-NAMES — UNLAWFUL COMPETITION — NAMES OF ARTICLES — RIGHT TO USE.

　　Where plaintiff, who was the owner of a trade-name "Le Page's," which it attached to glue manufactured by it of high grades, sold to defendants without restriction glue of a lower grade in quantities, which defendants bottled in small quantities, and labeled "Le Page's Glue," such use of the name "Le Page's" did not constitute unlawful competition.

In Equity.

John Dane, Jr., for plaintiff.
Ralph Nathan, for defendants.

¶ 1. Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.

WHEELER, District Judge. The plaintiff is an owner of a trade-name, "Le Page's," used in connection with the manufacture and sale of glue. The defendants have bought glue in quantities of the plaintiff and bottled it in small quantities and labeled it as "Le Page's Glue," made by them. The plaintiff alleges that it uses this trade-name only upon higher grades of glue, and that the defendants deceive the public, and injure them in their business, by using the name upon the lower grades of glue so procured of the plaintiff and bottled by the defendants. This use of that name does not in any sense or term tend to show that the product dealt in by the defendants did not originate with the plaintiff, but rather tends to show that it did. The defendants, therefore, by the use made of this trade-name, have not misrepresented the origin of the goods. When the plaintiff sold the glue to the defendants in large quantities, the effect of the sale was to invest the defendants with the title to the article, and with the right to divide it into small packages, as it might see fit, and sell the same as originating from the plaintiff, according to the fact. There was no reservation to the plaintiff, or any limitation upon this right of the defendants, nor any requirement of them that they should label it or the bottle in any particular way, nor any notice to them that it was not to be divided, labeled, and sold in any manner that would not involve the plaintiff contrary to the truth. If any damage has accrued to the plaintiff, it is in consequence of its permitting its production to go into the hands of the defendants with these unlimited rights. The foundation of the suit, as one for unfair or unlawful competition, fails.

Bill dismissed.